UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUES JOHNSON,

              Plaintiff,                      Case No. 2:25-CV-10602
                                              District Judge Matthew F. Leitman
v.                                    Magistrate Judge Anthony P. Patti

NAVY FEDERAL CREDIT UNION.,

              Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTIONS TO EXPEDITE (ECF NOS. 11, 35);  GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF NOS. 16, 20); TERMINATING AS MOOT DEFENDANT'S MOTIONS TO DISMISS (ECF NOS. 13, 24); DENYING BOTH PARTIES' MOTIONS TO STRIKE (ECF NOS. 23, 29); AND DEEMING THE SECOND AMENDED COMPLAINT (ECF NO. 21) AS THE OPERATIVE PLEADING AND**
**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY A REPORT AND RECOMMENDATION SHOULD NOT ISSUE TO DISMISS THIS CASE**

## A.    Background

On March 4, 2025, Plaintiff Marques Johnson, proceeding, *in pro per*, initiated this action against Navy Federal Credit Union.  (ECF No. 1.)  Plaintiff asserted eight counts, including Breach of Contract (Count I); Unjust Enrichment (Count II); Violation of UCC 3-603 (Count III); and, Violation of the Federal Reserve Act Section 16 (Count IV).  (ECF No. 1, PageID.2-3.)  Plaintiff appears to base his cause of action on Defendant's purported "refusal to honor a lawful tender

of payment" toward Plaintiff's credit card balance and Defendant's subsequent cancelation of Plaintiff's credit card.  (ECF No. 1.)

Plaintiff asserts in his complaint that on January 7, 2025, he submitted a "Durable Power of Attorney" to Defendant, which appointed Plaintiff as his own agent with "full legal authority over his financial matters and assets."  (ECF No. 1, PageID.2.)  Plaintiff then sent an "endorsed bill and first tender of payment to Defendant" on January 14, 2025, followed shortly by a "second tender of payment" and "opportunity to cure."  (*Id.*)  Finally, Plaintiff sent Defendant a "third tender of payment" and a "default judgment" on January 29, 2025.  (*Id.*) Defendant responded on February 10, 2025, informing Plaintiff that the documentation he sent did not release him from his obligations under the credit card agreement.  (*Id.*)

Judge Matthew Leitman referred the case to me for "all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."  (ECF No. 9.)

Currently before the Court are Plaintiff's two motions to expedite (ECF Nos. 11, 35), Defendant's two motions to dismiss (ECF Nos. 13, 24), Plaintiff's two motions for leave to amend (ECF Nos. 16, 20), and two motions to strike, one filed by each party (ECF Nos. 23 & 29.)

2

**B.     Analysis**

**1.  Plaintiff's Motions to Expedite (ECF No. 11, 35)**

On April 9, 2025, Plaintiff filed an "emergency motion to expedite," seeking essentially to fast track this case for all purposes, including requiring Defendant's early appearance, obtaining a general hearing, and obtaining a final ruling.  (ECF No. 11.)  Plaintiff has also filed a "motion to expedite ruling" on Defendant's motion to dismiss.  (ECF No. 35.)

The motions will be denied. Some of the things Plaintiff seeks to expedite are being ruled upon in this Order, and thus there is no longer any motion to "expedite."  Additionally, it is not for Plaintiff, or any other litigant, to set the Court's priority for ruling on motions. Motions to expedite, particularly when filed on dockets which have been inundated with multiple unnecessary and meritless motions, will not propel the Court to prioritize Plaintiff's case.  It may have the opposite effect, as the Court has hundreds of other civil and criminal cases requiring its attention, which cannot be set aside to deal with an avalanche of motions and other non-motions filings in this one case.  The squeaky wheel does not necessarily get the grease.  It is for the Court, consistent with the Federal Rules of Civil Procedure, to internally prioritize matters. **Plaintiff's motions to expedite (ECF No. 11, 35) are DENIED**, both on the merits and because they are now moot in any case.

3

2. **Defendant's Motions to Dismiss (ECF No. 13, 24) and Plaintiff's May 6, 2025, Motion for Leave to File an Amended Complaint (ECF No. 16).**

Defendant was served with the complaint by U.S. Marshals Service and Defendant's attorney timely filed an appearance and a motion to dismiss on April 14, 2025. (ECF No. 13.) The Court ordered Plaintiff to file a response by May 16, 2025. (ECF No. 14.) In lieu of filing a response, on May 6, 2025, Plaintiff filed a motion for leave to file an amended complaint, which also attached a proposed amended complaint. (ECF No. 16.)

Relevant to this case, Federal Rule of Civil Procedure 15 provides that a party can amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(B). Defendant's motion under Rule 12(b) was filed on April 14, 2025. The certificate of service to the motion indicates that Defendant's legal assistant electronically filed the motion "which will send notification of such filing to all parties of record," ECF No. 13, PageID.89.) However, the NEF associated with the filing indicates that the notice had been electronically mailed to Defendant's counsel, but **_not_** electronically mailed to Plaintiff. (*See* ECF No. 13, NEF.)

4

Under the local rules, "A party who is pro se and not a filing user, or a party excused from electronic filing under Fed. R. Civ. P. 5(d)(3)(A), is entitled to a hard copy of any paper filed electronically. Service of such copy must be made according to the federal rules of procedure (civil and criminal) and local rules." E.D. Mich. Appx. ECF R.9(e).  If service is made by mail or other means, then three days are added to a deadline if it must occur within so many days after service.  Fed. R. Civ. P. 6(d).

Defendant realized that it had not validly served Plaintiff and contacted the Court staff on or around June 17, 2025 to advise the Court of the issue.  As Defendant later described the issue:

> Before this Honorable Court issued an Order and Opinion as to Defendant's motion to dismiss, however, it came to the attention of defense counsel that, as the result of an inadvertent oversight, service of the motion to dismiss was not properly effectuated upon Plaintiff.
>
> Once aware the motion to dismiss, ECF N.13, was not properly served upon Plaintiff defense counsel contacted the Court and advised of same on or about June 17, 2025. In response, this Honorable Court instructed Defendant to properly serve the motion to dismiss upon Plaintiff and re-file same alongside the corresponding proof(s) of service, which is precisely what Defendant did here.

(ECF No. 32, PageID.294.)

Because the communication occurred informally through the Court's staff, the Court itself was not aware of it until reviewing the later-filed briefs.  Internal staff notes indicate that counsel was directed to serve the motion and file a

certificate of service, not to re-file the entire motion to dismiss. The Court cannot say for certain who was responsible for any miscommunication regarding re-filing the entire motion, but what *is clear*, is that Defendant acknowledges service of the motion to dismiss was not valid upon initial filing. The re-filed motion includes a certificate of service indicating that service was made on Plaintiff "via e-mail and mail" on June 20, 2025. (ECF No. 24, PageID.257.)

If Plaintiff had been validly served at the time of the initial filing, then an amended pleading was due within 21 days of April 14, 2025, or on May 5, 2025. Since Plaintiff was not served until June 20, 2025, and service was made by other means or by mail, then three days were added to Plaintiff's deadline and an amended pleading was due by **July 14, 2025**. Fed. R. Civ. P. 6(d).

As such, because Plaintiff filed a motion for leave to amend with an accompanying amended pleading within 21 days of *service* of a Rule 12(b)(6) motion, no motion was technically required and Plaintiff could file his amended pleading as a matter of course. Fed. R. Civ. P. 15(a)(B)**.[1]  Plaintiff's first motion**

---

[1] Even if Defendant had not subsequently notified the Court of the service issue, and even if the Court had not directed service, the Court would still find that the amended pleading was timely. Since Plaintiff the NEF indicates that Plaintiff certainly did not receive electronic service of the motion, but since Plaintiff at some point clearly had actual notice of the motion to dismiss, the Court would find that service was made by "other means," which would extend by three days the time for filing an amended pleading to May 8, 2025. Fed. R. Civ. P. 6(d).

to amend (ECF No. 16.) is therefore **GRANTED** and Exhibit 1 to the motion is deemed the operative pleading *as of May 6, 2025* through the date of the instant order, as explained below.

Moreover, because Defendant's first motion to dismiss was aimed at a pleading that is no longer the operative pleading, **Defendant's first motion to dismiss (ECF No. 13) is TERMINATED AS MOOT.**

Finally, Defendant's second motion to dismiss (ECF No. 24) is identical to the first motion and directed at the initial pleading as well. Defendant specifically "does not deny the re-filed motion to dismiss is identical to the initial motion to dismiss and, accordingly, may be considered redundant." (ECF No. 32, PageID.296.) Inasmuch as the second motion to dismiss is identical to the first, directed at the now-moot initial pleading, and filed solely to correct a service error, **Defendant's second motion to dismiss (ECF No. 24), like the first, is TERMINATED AS MOOT.**

### 3. Plaintiff's Motion to Strike (ECF No. 29)

Plaintiff has filed a motion to strike Defendant's duplicative motion to dismiss, arguing that it confuses the docket, burdens Plaintiff, and undermines judicial efficiency. (ECF No. 29.) The Court is inclined to believe that the duplicative motion confused the docket, but it was filed through a genuine miscommunication between the Court staff and defense counsel and, moreover,

was related to Defendant's sincere attempt to ensure valid service of the initial motion to dismiss.  Most importantly, the second motion to dismiss has now been terminated as moot and presents no further confusion to the docket.  Accordingly, **Plaintiff's motion to strike (ECF No. 29) is DENIED**.

### 4. Motion for Leave to File Second Amended Complaint (ECF No. 20) and Defendant's Motion to Strike (ECF No. 23)

Also pending before the Court is a motion for leave to file a second amended complaint (ECF No. 20), filed less than a month after Plaintiff's first motion to file amended complaint.  Now that Plaintiff has amended his pleadings once, under Fed. R. Civ. P. 15(a), a party may amend its pleadings only after obtaining leave of court.  The Rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  An amendment is futile if it could not withstand a motion to dismiss. *Thikol Corp. v. Dept. of Treasury*, 987 F.2nd 376, 383 (6th Cir. 1993).

In Defendant's response to the motion to amend, it argues that the amendment should not be allowed because the motion is untimely and the proposed amendment would be futile. Similarly, Defendant has filed a motion to

8

strike the motion for leave (ECF No. 23), arguing that the motion is redundant and was procedurally improper given the pendency of first motion for leave to amend. In other words, Defendant argues that Plaintiff should not have filed another motion to amend before the Court ruled on his first motion.

The Court disagrees and will grant the motion for leave and accept the second amended complaint as the operative pleading.  This decision is based first on the unique procedural posture of this case.  As Defendant points out, the motion for leave to file a second amended complaint was filed before the first motion for leave was resolved.  Rather than finding the motion duplicative, however, the Court instead finds it more likely that Plaintiff intended to abandon his first motion for leave and proceed instead with the second amended complaint.  This motion was filed on June 2, 2025, which due to Defendant's error is serving the first motion to dismiss, was technically still within the window by which Plaintiff could amend his complaint as of right. (*See, infra*, noting deadline by which to amend as a matter of course was July 14, 2025).  Given Plaintiff's *pro se* status, the Court is inclined to find that the second motion for leave to amend was meant to supplant, the first motion, and since the first motion had not yet been ruled upon, Plaintiff was within the window to amend as of right.

Moreover, even if he were not within the window, Plaintiff moved quickly to amend, before any scheduling order had been issued, and while the case is still

9

in its infancy.  The Court finds no prejudice to Defendant in granting the amendment, particularly because Defendant never filed a motion to dismiss the first amended complaint.

Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  Given Plaintiff's *pro se* status, Defendant's own failure to properly serve Plaintiff with its motion to dismiss, and the resulting procedural confusion, the Court finds that allowing the second amended complaint will not further delay the case or prejudice Defendant.

While the Court is inclined to suspect the amendment could be futile, Defendant's response brief relies largely on the timing of the motion for leave, and only briefly outlines the futility of the amendment.  And, as a practical matter, the Court suspects that the second amended complaint is no more futile than the first amended complaint, which is currently the operative pleading.  Given that there is no motion to dismiss yet filed against the first amended complaint, Defendant can just as easily attack the second amended complaint under Rule 12(b)(6), if necessary.

For these reasons, **Plaintiff's motion for leave to file a second amended complaint (ECF No. 20) is GRANTED and the Second Amended Complaint**

10

(ECF No. 21) DEEMED THE OPERATIVE PLEADING.  Defendant's

motion to strike (ECF No. 23) is DENIED.

### 5.  Order to Show Cause

Finally, the Court will order Plaintiff to show cause why the Court should

not issue a report and recommendation to dismiss this case.  The Court recently

issued a report and recommendation to grant Defendant's motion to dismiss in a

similar case brought by this same Plaintiff and also pending before Judge Leitman.

(*Johnson v. Capital One Financial Corporation*, 25-10737, ECF No. 34.)  The

complaint in that case was brought under what appears to be an identical legal

theory and nearly identical facts, relying on the same sequence of letters (and

indeed remarkably similar timing) and purported tenders of payments, to bring

claims for violation of the Truth in Lending Act, Breach of Contract, and Unjust

Enrichment.  The Court found that Plaintiff's claims were based on a "frivolous

legal theory," (ECF No. 34, PageID.222 therein), and that he had failed to state a

claim under any of his causes of actions.

The Court is inclined to find that Plaintiff's case here fails for the same

reasons articulated in the Court's report and recommendation.  Accordingly,

**Plaintiff is ORDERED TO SHOW CAUSE, in writing, no later than**

**January 26, 2026 why a report and recommendation should not issue to**

11

recommend dismissal for the same reasons outlined in *Johnson v. Capital One Financial Corporation*, 25-10737, ECF No. 34 therein.

Defendant shall file a reply to Plaintiff's show cause response by February 16, 2026.

Should Plaintiff satisfy the Court's concerns and the show cause order be vacated, the Court will issue a scheduling order which will allow Defendant an opportunity to file a motion to dismiss based on Defendant's own legal theories. For now, Defendant need not expend further resources drafting an additional motion to dismiss until the show cause order is resolved.

C.    Order

For the reasons state above, Plaintiff's motions to expedite (ECF Nos. 11, 35) are **DENIED**.  Plaintiff's motions for leave to amend (ECF Nos. 16, 20.) are **GRANTED** and the Second Amended Complaint (ECF No. 21) is **DEEMED THE OPERATIVE PLEADING**.  Defendant's motions to dismiss (ECF No. 13, 24) are **TERMINATED AS MOOT**.  Finally, both parties' motions to strike (ECF No. 23, 29) are **DENIED**.

IT IS SO ORDERED.[2]

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

12

Dated:  January 5, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE